# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# MARCH TERM, 1908.

AMERICAN STEEL HOOP COMPANY *v.* CHARLES J. SEARLES ET AL.

[46 South., 411.]

SALES. *Future delivery. Delays. Strikes. Attachments in chancery. Equity pleadings. Harmless error. Short-weight goods. Acceptance and use of.*

Under a contract for the sale of goods to be delivered at a designated future time, by the terms of which the seller was exempted from liability for delay in delivery in case of strikes:

(*a*) A bill in equity predicated of a failure by the seller to make prompt delivery is demurrable if it do not aver that the delay was not caused by a strike; but

(*b*) Should the defendant, failing to demur, answer that the delay was caused by a strike, and the evidence show that it was not so caused, a decree in plaintiff's favor will not be reversed because of the defect in the bill; and

(*c*) Where the seller was ready to make delivery at the time specified but, at the request of the buyer, agreed for a consideration to carry the goods over for a month, at the end of which time, because of a strike by manufacturing, not transporting, operatives, he was unable to make delivery; the failure is not excused by the strike exception to the contract; and

(*d*) The acceptance and use by the buyer of short-weight goods delivered by the seller, bar a recovery of damages for the failure of the goods to be of the weight spcified in the contract, although the buyer before accepting and using them notified the seller that they were rejected and held subject to his order.

93 Miss.— 1

FROM the chancery court of Warren county.

HON. J. S. HICKS, Chancellor.

Searles and another, appellees, partners trading under the firm name Searles Brothers, were complainants in the court below; the American Steel Hoop Company, appellant, was defendant there. From a decree in complainants' favor the defendant appealed to the supreme court.

The suit was an attachment in chancery, brought by appellees against appellant, a non-resident of the state, for the recovery of damages for breach of a written contract. The bill alleged that Searles Bros. are wholesale brokers in the city of Vicksburg; that the American Steel Hoop Company is a New Jersey corporation, domiciled at Pittsburg, Pa., and that on March 4, 1901, the American Steel Hoop Company agreed to sell to Searles Bros. five thousand bundles of cotton ties, to be delivered f. o. b. at the mills in June of that year, at ninety-eight and one-half cents per bundle; that on March 5, 1901, the defendant company agreed to sell to complainants, Searles Bros., an additional ten thousand bundles of cotton ties at one hundered and one-half cents per bundle, to be delivered f. o. b. at the mills in June, 1901. Each of these contracts contained the following stipulations: "This contract is not subject to cancellation," and "The seller shall not be held responsible for delay in delivery caused by strikes, differences with workmen, accidents at the mills, and other contingencies beyond its control." The bill further alleged that defendant failed to make any of the deliveries on these contracts, except three thousand bundles, amounting to $2,990, which amount complainants paid on July 24, 1901, and that, although defendant agreed to deliver standard ties, yet the three thousand bundles were short in weight, making a difference of $64.10 in price, and that by reason of the failure to deliver the remaining twelve thousand bundles of ties the complainants sustained a loss of twenty-five cents per bundle, or a total of $3,000, and that therefore their total damage amounted to $3,064.10. The bill charged the nonresidence of

the defendant, and made the Vicksburg Bank a party thereto, and prayed an attachment of the sum of $2,990, belonging to the defendant company in the hands of the bank. The bill further alleged that at the request of complainants the defendant agreed to hold the ties for July delivery, instead of making the shipment in June as per contract, and set out the following correspondence in support thereof:

"Vicksburg, Miss., June 6, 1901. V. A. Moore & Co., Agts. Am. Steel Hoop Co., Atlanta, Ga.—Gentlemen: Referring to the two contracts which we have from you on Arrow ties, we desire that these ties be held for July shipment. The cotton season is very late in this section, and we have been unable to induce any of our customers to take any ties earlier than July, and many of them have insisted upon putting off their contracts until August. We ask that you will make the change in the contracts, and as soon as we can induce our customers to take the ties we will give you shipping instructions on them," etc. "Yours very truly, Searles Brothers, C. J. S."

To this letter appellant replied from Atlanta as follows:

"June 12, 1901. Messrs. Searles Bros., Vickburg, Miss.—Gentlemen: Yours of the 6th inst. has been returned to us by our New York office, with the advice that they cannot change the contract which they have with you, but are willing to give you the option of carrying the ties until July, provided you are willing to pay the additional charges for the deliveries thus delayed. This, you understand, will be one-half cent per bundle for each month or part of month," etc. "Yours very truly, American Steel Hoop Company, D. S. A."

The bill fui ...er alleged that complainants accepted the option tendered them in the letter from defendant of date June 12, 1901, but that the defendant failed to deliver the ties during the month of July, whereby they were damaged, etc. The defendant's answer denied the allegations of the bill generally, and relied for defense upon the fact that there was a strike which prevented the manufacture of the ties agreed to be delivered.

It is shown, however, that the strike did not occur until some time in July, and that at the time it did occur the defendant had on hand a large stock of ties, which it was offering for sale at an advanced price during the month of July after the commencement of the strike.

*Dabney & Dabney,* for appellant.

First: Appellees failed to sustain the burden imposed on them of showing that appellant could have delivered the ties.

Second: Appellant has shown conclusively that it could not have delivered the ties.

Third: Appellees were not entitled to the decree in any event for $64.10.

There is no evidence to support the contention that the appellant could have delivered the ties except some inferences drawn from the testimony of Bope and Skinner, in which they speak of appellant's prices for ties during July and August. The inference that the appellant had ties in Memphis which could have been used to fill the order is not warranted. Moreover, it was on the 18th, which was some days before the acute conditions arose, and there is no evidence that at that time appellant would not have undertaken to deliver if the order had been given.

Fourth: Appellant was never called on to ship the ties and was not in default when the suit was brought.

On the question of acceptance of the two thousand bundles, after knowledge of short weight, see *Studer* v. *Bleinstein,* 5 L. R. A., 702 and notes; also 24 Am. & Eng. Ency. of Law (2d ed.), 1091, 1092, 1093.

*McLaurin, Armistead & Brien,* for appellees.

The Hoop Company, being unable to stand upon any firm foundation of fact, but floundering in the mire and shifting quicksands of the unbelievable defenses it has invented or misappropriated, now seeks deliverance by a pitiful appeal to some alleged principle of pleading. But we submit that there is

nothing in the law which can avail the Hoop Company. The instant case, as shown, is one peculiarly involving facts and even if there were any doubts engendered as to the correctness of the chancellor's conclusion by reason of the number of witnesses defendant has introduced, still the case should be affirmed.

This court is committed to the doctrine that "Where the testimony is conflicting it must accept the findings by the chancellor if they be not clearly wrong." *Derdeyn* v. *Donovan,* 81 Miss., 696, 33 South., 652.

In this case the reliable testimony is not conflicting but, unquestionably, we submit, sustains the chancellor.

The defendant seems to be under the impression that because it had a contract with a strike clause in it, and because it had what is called a strike among its employees, the obligation on its part to deliver terminated; and that it was under no duty to observe any sort of diligence in attempting to perform the contract and relieve the other party from the possibility of loss.

We again repeat: that the contract entered into by the parties was a contract to carry the ties, and therefore it was the duty of the Hoop Company, on June 12th, when it finally made its contract, to secure the ties, and have them ready to deliver and that thereafter no sort of strike could furnish an excuse for failure to deliver. Having agreed to deliver the article contracted for, and carry the article contracted for, another month, it became its duty to get the article so contracted for and thus be in a condition to carry it. But independently of this proposition, the defendant cannot escape liability for failure to deliver. *Booth* v. *Sputten, etc., Co.,* 60 N. Y., 487.

Argued orally by *Marye Dabney,* for appellant, and by *Joseph Hirsh,* for appellee.

MAYES, J., delivered the opinion of the court.

We do not think that the case of *Perkins* v. *Milling Co.,* 88 Miss., 804, 40 South., 993, can be invoked as authority here. On a full hearing of this case the testimony shows that the

failure to deliver the ties in question was not on account of a strike. This appears from the testimony of complainants. This defense was offered by appellant and much of the proof is addressed to this feature of the case. This being true, we cannot reverse for the failure on the part of complainants. to allege in their bill that the failure to deliver the ties was not on account of a strike at the mills, when the testimony clearly shows this. The bill of complaint was probably demurrable on account of its failure to allege that the failure to deliver the ties was not because of any strike; but no demurrer was filed. There would be much force in the contention of appellant that a strike prevented the delivery of the goods if the contract for delivery had been for July, instead of June. The contract was for a June delivery. The strike occurred during the month of July. Searles Bros. requested a change in the contract, so as to make it a July delivery; but the appellant declined to change the contract in any way, but offered to carry the ties at a half cent per bundle for each month or part of a month they were kept for Searles Bros. This was agreed to, and the agreement must have been to carry the actual ties, as appellant had refused to change the contract in any way, and charges were made for carrying the actual ties. There is no claim that, if the actual ties were carried, they could not have been delivered as called for under the contract because of the strike in the mills. When the mills shut down because of the strike in them, transportation facilities were still open. These ties, by the contract of appellant, were in existence in June, and were merely held in storage for Searles Bros. subject to their order, and for the holding of same appellant charged a half cent per bundle. It is no answer to this contract to show that the mills were closed in July because of a strike, and that on that account the appellant could not manufacture ties with which to fill the order to Searles Bros. which it was obligated to have in existence in June. By the refusal to change the original contract and by the subsequent contract of carriage it is estopped to set up the fact that the ties

were not and could not be manufactured, so as to meet the order, from causes arising after the ties should have been in actual existence and when charges were being paid to it on the actual existence of the ties.

We do not think that the $64.10 should have been allowed. This claim is for short weights on one thousand two hundred eighty-two bundles of ties. When Searles Bros. discovered the short weight, they notified appellant that they held the ties subject to its order, and after so notifying appellant, and with full knowledge of the short weight, accepted the ties and used them. On this account we do not think that this item should be allowed.

The decree is affirmed, provided there be a remittitur of this amount, with interest; otherwise, it is reversed and remanded— all cost of appeal to be taxed against appellees.

*Affirmed with remittitur.*